## EVERETT L. SPEAR *vs.* EDWARD BRYANT COMPANY.

Knox County. Decided November 20, 1917. This was an action of debt to recover $750. for rent claimed to be due under a lease of a lime kiln located in Rockland in Knox County. The plaintiff recovered a verdict for $650.37, and the case is before the court on the defendant's general motion for a new trial.

The lease in question was dated April 18, 1913. The issues involved depended upon the performance of duties imposed by the following clause in the lease:

"In the case the lessee cannot secure prompt and convenient delivery of rock over the Lime Rock Railroad or in case the railroad and trestle shall be removed from the vicinity of the leased premises so that rock cannot be delivered promptly and conveniently to the lessee, the lessee may at its option cancel this lease upon thirty days'

written notice unless it shall be possible to provide prompt and convenient delivery of rock to the kilns in a manner satisfactory to the lessee. Said premises are leased as they now are, and the lessor shall not be responsible for the present or future condition thereof or for the safety in berth where vessels may lay and the said premises shall only be used by said lessee for conducting the lime business."

It is admitted that the trestle mentioned was still in position at the date of the writ. But two questions were left for the jury,— (1) Could the defendant secure prompt and convenient delivery of rock over the Lime Rock Railroad? (2) Was it possible to provide prompt and convenient delivery of rock to the kilns in a manner satisfactory to the lessee?

The plaintiff contended that two methods were open to the defendants to transport their lime; one by the use of the railroad, the other by the use of teams. The defendants contended that neither course was open to them upon any terms or conditions which would be satisfactory; that the railroad company would not contract with them, and that moving the rock could not be done profitably by team on account of the expense attending the building of certain bridges, if teams were used. Holding that view the defendant, on March 5, 1914, tendered the balance of rent then due, and notified the plaintiff that "we consider our lease with you terminated and cancelled."

There is no dispute as to the law governing the case, and no contention that the instructions to the jury were erroneous or misleading. The defendant, however, by its brief statement claimed that "if the jury should find the lease has not been so terminated, then the defendant is entitled to recoupment for use by the plaintiff of the said premises for storage purposes."

The case was carefully tried, and the documentary evidence introduced must have been helpful to the jury in considering the testimony of the witnesses upon the issues involved. We have examined the record with care and we fail to find that the jury erred, either in the general conclusion or the amount due. The terms of the lease, the time involved, and payments admitted, indicate that in returning a verdict as they did, the jury must have taken into consideration the defendant's claim to recoupment and allowed the same. The entry will be motion overruled. *A. S. Littlefield,* for plaintiff. *Philip G. Clifford, and Henry L. Withee,* for defendant.